UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**RICARDO SALAZAR, an individual,**

    **Plaintiff,**

v.        Case No.:  8:21-cv-2489

**LIETZ DEVELOPMENT, INC., d/b/a
DATA TECH, a Florida corporation
and CHRISTOPHER LIETZ,**

    **Defendants.**
_____/

## COMPLAINT

1.    Plaintiff, RICARDO SALAZAR ("Plaintiff"), an individual, brings the following actions against LIETZ DEVELOPMENT, INC., d/b/a DATA TECH, a Florida corporation ("Data Tech") and CHRISTOPHER LIETZ ("Lietz") an individual (collectively referred to as "Defendants") and states:

## GENERAL ALLEGATIONS

2.    This is an action based on a federal question: a claim for failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

3.    Plaintiff resides in Hillsborough County, Florida.

4.    Defendant Data Tech is a Florida corporation with its principal place of business in Hillsborough County, Florida.

5.    Defendant Lietz is the owner and President of Defendant Data Tech with operational control over the business.

6.    Upon information and belief, Defendant Lietz usurped the assets of Defendant Data Tech for personal use, engaged in waste of Data Tech assets, and/or

wrongfully and distributed Data Tech assets without proper consideration for creditors such as Plaintiff, and as a result, Defendant Lietz should be held personally liable to Plaintiff for damages attributable to Defendant Data Tech.

7. Plaintiff was employed by Defendants as a full time field service technician from August 18, 2020, to September 21, 2021, and performed his duties in the Tampa area, within the jurisdiction of this Court.

8. Defendants had a duty to pay Plaintiff overtime as required by the FLSA.

9. Defendants mistakenly classified Plaintiff as exempt, but Plaintiff's duties did not meet the requirements of any exemption.

10. On October 13, 2021, Plaintiff, via the undersigned, sent a letter to Defendants demanding payment for back overtime pay. *See Exhibit A attached.*

11. Plaintiff relied on Defendants' implied promise that Plaintiff would be compensated in compliance with both federal and Florida law.

12. Any conditions precedent for the claims described below were satisfied.

## COUNT 1:
## VIOLATION OF FAIR LABOR STANDARDS ACT

13. Plaintiff re-alleges paragraphs 1 through 12 of this Complaint.

14. This is a civil action for relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA"), and brought to recover minimum wage, liquidated damages, costs, and reasonable attorneys' fees.

15. Defendant Data Tech is a covered enterprise under the FLSA.

16. Defendant Lietz is the owner, shareholder, and officer of Defendant Data Tech with operational control, and he acted directly in the interests of Data Tech in relation to Plaintiff's employment and served as one of Plaintiff's supervisors.

17. As a result, Defendant Lietz meets the FLSA definition of "employer", and he is jointly and severally liable under the FLSA for Plaintiff's damages.

18. At all times relevant to this Complaint, Defendants owned and operated a business engaged in commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

19. Defendants operated a business that hired employees to sell and perform information technology services to clients within the state of Florida, throughout the United States, and some clients even had offices in Singapore and Amsterdam.

20. Defendants processed payments from these clients via interstate banks, the internet and/or interstate mail, and communicated with clients via email and telephone.

21. Upon belief, Defendant Data Tech's annual revenue exceeded $500,000.00.

22. At all times relevant to this Complaint, Defendants had multiple employees who regularly sold, handled, or otherwise worked on materials that had been moved in or produced for commerce.

23. In the alternative, Plaintiff is a covered individual under the FLSA.

24. While working for Defendants, Plaintiff regularly and directly provided information technology services to clients within the state of Florida, throughout the United States, and in Singapore and Amsterdam.

25. At all times relevant to this Complaint, these duties were Plaintiff's primary job responsibility.

26. At all times during his employment with Defendants, Plaintiff worked approximately 48.25 hours each week, or 8.25 hours of overtime each week as follows:

    a. He regularly worked from 8:45 am to 6:00 pm Monday through Friday, and he regularly worked through lunch. This results in a workday of 9.25 hours for 5 days per week, or 46.25 hours;

    b.    In addition, he worked at night 1 or 2 times per month for approximately an hour and also worked weekends 1 or 2 times per month for approximately an hour, for a total of 1 additional hour per week or 47.25 hours per week;

    c.    In addition, Salazar worked with clients in Singapore and/or Amsterdam 2 to 3 times per month for an average of an hour and a half each time, approximately 1 additional hour each week or 48.25 hours per week.

27.    When Plaintiff was hired, he initially received overtime pay.

28.    Beginning on October 5, 2020, Plaintiff's pay was modified to a straight salary, exempt from overtime.

29.    Defendants' management informed Plaintiff that this change was due to a belief that he was incurring "too much overtime".

30.    There were no changes to Plaintiff's job duties or reporting structure when his status changed from non-exempt to exempt.

31,    After October 5, 2020, Plaintiff did not receive overtime compensation equal to one and one-half of his regular rate for hours worked in excess of forty (40) hours.

32.    All records, if any, concerning the number of hours and compensation paid to Plaintiff are in the possession and custody of Defendants.

33.    Plaintiff discovered wage Information on Defendants' payroll system, Paychex Flex, which revealed that Defendants were aware that Plaintiff should have been classified as non-exempt.  *See Exhibit A attached at page 6.*

34.    However, Plaintiff was NOT paid in accordance with the wage information contained in the Paychex Flex system.  *See Exhibit A attached at page 7..*

35.     Based on the pay rate information for Plaintiff on the Paychex Flex system, Plaintiff is entitled to overtime pay in the amount of $12,008.51 as follows:

|  | *10/5/20 to 3/12/21* | *3/15/21 to 8/27/21* | *8/30/21 to 9/21/21* |
|---|---|---|---|
| *Regular Rate* | 18.50 | 20.00 | 21.63 |
| *Overtime Rate* | 27.75 | 30.00 | 32.44 |
| *Number of Weeks* | 23 | 24 | 3 |
| *Amount Due* | $5,265.62 | $5.940.00 | $802.89 |

36.     Defendants knew or should have known that Plaintiff's job duties did not meet the requirement for an exemption because Plaintiff did not have discretion and independent judgment as to matters of significance for Defendants.

37.     Defendants did not compensate Plaintiff at the rate stated in their Paychex Flex payroll system.

38.     As a result, Defendants' actions were intentional, willful, and unlawful, and Defendants' failure to pay Plaintiff overtime constitutes bad faith.

39.     Plaintiff is entitled to liquidated damages in an amount equal to minimum wage and overtime owed by Defendants in addition to his regular rate, or $12,008.51.

40.     Plaintiff is owed a total of $24,017.02.

41.     Plaintiff retained the undersigned attorney to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**WHEREFORE,** Plaintiff, RICARDO SALAZAR demands judgment against Defendants, LIETZ DEVELOPMENT, INC., d/b/a DATA TECH AND CHRISTOPHER LIETZ jointly and severally, for payment of all overtime hours worked, liquidated damages, pre and post judgment interest, reasonable attorneys' fees and costs of suit, and any further relief this Court deems appropriate.

Respectfully submitted on October 25, 2021.

/s/ Kimberly Isner Monticello
KIMBERLY ISNER MONTICELLO
Florida Bar No.: 056069
Trial Counsel
Monticello Law Firm, PA.
2202 N. Westshore Blvd., Suite 200
Tampa, Florida 33607
Telephone: (813) 367-3677
Facsimile: (855) 767-5734
kim@monticellolawfirm.com
Attorney for Plaintiff, Ricardo Salazar